**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Eugene Martin,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Party,<br><br>    Respondent. | No. CV-17-00371-TUC-JGZ<br><br>**ORDER** |

      Petitioner Adam E. Martin has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the sentence imposed by the United States District Court for the Western District of Texas. (Doc. 1.) At the time of filing, Petitioner was incarcerated at USP-Tucson, Arizona. (*Id.*) Respondent filed a Return and Answer and a Motion to Dismiss for Lack of Jurisdiction. (Doc. 15.) Martin filed a reply (Doc. 21) and an addendum to the reply. (Doc. 22.) Also pending before the Court is Petitioner's Motion for Clarification and Motion for Declaratory Judgment. (Docs. 26 & 27.) Respondent filed a Response to the Motion for Declaratory Judgment on August 30, 2018. (Doc. 30.)

      This matter was referred to Magistrate Judge Jacqueline M. Rateau for a report and recommendation. (Doc. 3.) On August 30, 2018, Judge Rateau issued her Report, recommending that the Court grant Respondent's motion to dismiss, deny Petitioner's outstanding motions as moot, and dismiss the action without prejudice. (Doc. 31.) Petitioner filed objections to the Report on September 14, 2018 (Doc. 32), and the

Respondent filed a response to Petitioner's objections on September 20, 2018. (Doc. 33.) Since the filing of the Magistrate Judge's Report, Petitioner has filed a motion to expedite (Doc. 34), a second motion to expedite (Doc. 41), and a motion to add as respondent the warden of Petitioner's most recent housing assignment. (Doc. 35.) Upon independent review of the record, the Court will adopt the Report and Recommendation, as modified by this Order, dismiss the Petition for lack of jurisdiction, and dismiss the remaining motions as moot.

## I. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121; *Schmidt v. Johnstone,* 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2004, Martin was convicted, following a jury trial, of eight counts of bank robbery, and subsequently sentenced to eight concurrent life sentences. *United States v. Martin*, 431 F.3d 846, 850 (5th Cir. 2005). Petitioner was sentenced subject to a mandatory enhancement under the "Three Strikes" statute, 18 U.S.C. § 3559, which states that a person convicted of a serious violent felony "shall be sentenced to life imprisonment if . . . the person has been convicted . . . on separate prior occasions . . . of . . . 2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i). At the time of sentencing, Petitioner had four prior felony convictions: two federal bank robbery convictions in violation of 18 U.S.C. § 2113(a); a Texas state robbery conviction, in violation of Tex. Penal Code § 29.02; and an Arizona state Aggravated Assault

conviction in violation of Ariz. Rev. Stat. §§ 13-1203, 13-1204(A)(1), 13-701, 13-801. (Doc. 30 at 2; Doc. 30-2, Exs. 2-5; Doc. 32 at 4, 5.)

On December 2, 2005, the United States Court of Appeals for the Fifth Circuit affirmed Martin's convictions and sentences, addressing, among other things, Petitioner's argument that his mandatory life sentence, based on the three strikes law, did not violate the Eight Amendment. *Martin*, 431 F.3d at 850 . The Supreme Court denied a petition for a writ of certiorari. *Martin v. United States,* 547 U.S. 1059 (2006).

Petitioner's first collateral attack of his conviction and sentence was made on January 31, 2006, when Petitioner filed a § 2255 motion in the sentencing court, which was denied. *See* Criminal Docket for Case No. 1:03-CR-250 Western District of Texas, docket entry #215 (Order denying relief). The Fifth Circuit denied Martin's motion for a certificate of appealability and also dismissed his appeal of the trial court's order denying relief on his section 2255 motion. *See United States v. Martin*, 1:06-CV-57 (W.D. Tex. May 24, 2006), *certificate of appealability denied*, No. 06-50962 (5th Cir. Jan. 5, 2007). Petitioner has made several additional efforts to obtain collateral relief on various grounds, all of which were unsuccessful. (*See* Doc. 30 and attachments thereto.)

On July 31, 2017, Petitioner filed the pending Petition pursuant to 28 U.S.C. § 2241, asserting that his sentence was illegal and that he is factually innocent of the sentence enhancement imposed by the United States District Court for the Western District of Texas under the Three Strikes statute, 18 U.S.C. § 3559(c). He seeks an order vacating his illegal sentence and the issuance of a "certificate of innocence."

The Respondent moved to dismiss the Petition, arguing that the Petition challenges the validity of Petitioner's conviction and sentence and, therefore, must be brought as a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, and not as a § 2241 habeas petition. *See Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). The Magistrate Judge agreed and recommends dismissing the Petition. (Doc. 31.)

Petitioner filed objections to the Report and Recommendation, asserting that he is eligible for relief under 28 U.S.C. § 2241. Petitioner argues that he is factually innocent

of the sentencing enhancement because he does not have two prior serious felony convictions as that term is defined by 18 U.S.C. § 3559(c). Petitioner objects to the Magistrate Judge's finding that his federal felony bank robbery convictions in the Western District of Oklahoma count as two prior serious violent felonies sufficient to support the sentencing enhancement. Petitioner argues that the convictions did not become final on separate prior occasions and thus count only as a single predicate felony for the purposes of 18 U.S.C. § 3559(c). (Doc. 32 at 4.)[1] Petitioner further asserts that his convictions for Arizona aggravated assault and Texas robbery are divisible and therefore are "not deemed violent" for the purposes of sentencing enhancement. (Doc. 1 at 4.)[2] Finally, Petitioner argues that relief under 28 U.S.C. § 2241 is proper because he did not have an unobstructed procedural shot at presenting his claims. Petitioner states that he did not have a crystal ball to foresee the argument that the state statutes were divisible (Doc. 21 at 4–5), and therefore "not deemed violent." (Doc. 1 at 4.)

**III. DISCUSSION**

**A. The Court Lacks Jurisdiction over Petitioner's Successive § 2255 Petition**

Although the Petition references 28 U.S.C. § 2241, the Petition is properly brought under § 2255, not § 2241. "A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see also Stephens v. Herrera,* 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, . . . and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."). An exception to this general rule

---

[1] In its Response, the Government agrees that Petitioner's two bank robbery convictions from the Western District of Oklahoma count as only one predicate felony. (Doc. 30 at 13.) The Magistrate Judge did not have the benefit of the Government's Response before concluding that the two federal convictions counted as separate serious violent felonies; the Report and Recommendation was filed the same date as the Government's Response.

[2] Having concluded that Petitioner's federal bank robbery convictions counted as two separate serious violent felonies, the Magistrate Judge did not address whether the Arizona assault or the Texas robbery conviction qualified as a serious violent felony. (*See* Doc. 31.)

is created by § 2255(e), which is also known as the "escape hatch." The escape hatch permits a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The escape hatch is a limited exception. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Tripati v. Hennan*, 843 F.2d 1160, 1162-63 (9th Cir. 1988). A prisoner may file a § 2241 petition under the escape hatch only when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Herrera,* 464 F.3d at 898 (internal quotation marks and citation omitted). A prisoner must satisfy both requirements to get through section 2255's escape hatch. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Here, Petitioner has failed to establish either of the escape hatch requirements.

### 1. Unobstructed Procedural Shot

When determining whether a petitioner has been denied an "unobstructed procedural shot," the Court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison,* 519 F.3d at 960 (internal quotation marks and citation omitted). To establish that he has not had an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.

Petitioner fails to demonstrate that he has not had an unobstructed procedural shot to present his claim. The record reflects that Petitioner has filed for authorization, or had the opportunity to seek authorization to file a successive § 2255 motion attacking his sentence, and that he has specifically previously challenged the use of his prior

convictions as qualifying serious violent felonies pursuant to the enhanced sentencing provisions of 18 U.S.C. § 3559(c)(2). This history is set out in Respondent's Response to Petitioner's Request for Declaratory Judgment. *See e.g.,* Doc. 30, Exs. 1 & 13 (2007 motion claiming federal bank robberies should be counted as one offense, and state convictions were non-dangerous lesser included offenses); Doc. 30, Ex. 17 (2016 application for leave to file successive § 2255 motion claiming material change in law meant that prior felony convictions were no longer crimes of violence); and Doc. 30, Ex. 19 (2017 application for leave to file a successive § 2255 motion arguing material change in the law meant that prior conviction were no longer crimes of violence).

Petitioner does not dispute his history of filings as described by the Government. Rather, he argues that "divisibility of a state statute did not become available as a legal basis of a claim until 2013, well past petitioner's direct appeal and initial 2255 [petition]." (Doc 32, p. 2.) The Court disagrees. Petitioner's procedural shot at bringing his first claim was not obstructed by any adverse law that subsequently underwent a material change relevant to his claims. The legal analysis employed to evaluate Petitioner's challenge to the applicability of the sentencing enhancement was in place at the time of Petitioner's sentencing. In *Taylor v. United States*, 495 U.S. 575, 577–78 (1990), the Supreme Court established the rule for determining when a defendant's prior conviction counts as a predicate offense under a sentencing enhancement statute—there, the Armed Career Criminals Act (ACCA).[3]

> *Taylor* adopted a "formal categorical approach": Sentencing courts may "look only to the statutory definitions"—*i.e.,* the elements—of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions." If the relevant statute has the same elements as the "generic" ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is "necessarily ... guilty of all the [generic crime's] elements." But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, we emphasized, is elements, not facts.

---

[3] That Act provided for a sentence enhancement where a defendant who is convicted under 18 U.S.C. § 922(g) (unlawful possession of a firearm) has three prior convictions for specified types of offenses.

*Descamps v. United States,* 570 U.S. 254, 260–61 (2013) (internal citations omitted). *Taylor* also "recognized a 'narrow range of cases' in which sentencing courts—applying what [the Court] would later dub the 'modified categorical approach'— may look beyond the statutory elements to 'the charging paper and jury instructions' used in a case." *Id.* at 261. Moreover, although the Supreme Court further clarified its divisibility analysis in later cases, its clarification does not benefit Petitioner. As discussed in section III.A.2. below, under the divisibility analysis, Petitioner's conviction for robbery in Texas qualifies as a serious violent felony.

In sum, Petitioner cannot demonstrate that he has not had an unobstructed procedural shot at presenting his claim. Petitioner had the opportunity to present the same arguments in prior petitions and Petitioner's procedural shot at bringing his claims was not obstructed by any adverse law that subsequently underwent a material change relevant to his claims. Petitioner's failure to demonstrate that he lacked an unobstructed procedural shot at presenting his claims is dispositive of this action and provides a basis for dismissal.

### 2. Actual Innocence

In addition, Petitioner cannot demonstrate actual innocence.[4] To show factual innocence of the sentencing enhancement, Petitioner must demonstrate that at least two of his prior felony convictions do not qualify as violent felonies for the purposes of sentencing enhancement under § 3559(c). The Three Strikes Statute expressly identifies as a serious violent felony, "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118)." 18 U.S.C. § 3559(c)(2)(F)(i). Petitioner concedes in his Objection that his consolidated Western District of Oklahoma bank robbery convictions, in violation of 18

---

[4] This Court acknowledges a claim of actual innocence of a noncapital sentencing enhancement has not been recognized in this context. *See Marrero*, 682 F.3d at 1193, 1195 (expressly declining to decide whether a petitioner may bring a claim of statutory ineligibility for a non-capital sentence using the § 2255(e) escape hatch). It is not necessary for the Court to reach this issue, however, in light of the Court's other holdings.

U.S.C. § 2113, count as one predicate violent felony. (Doc. 32 at 3.) *See also United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (armed bank robbery under § 2113(a) and (d) categorically qualifies as a crime of violence under § 924(c)). Petitioner's Texas conviction for robbery counts as a second violent felony.

Applying the categorical approach, the Court concludes that the elements of Texas Robbery, Tex. Penal Code, § 29.02(a)(2), correspond in substantial part to the elements of the generic offense of robbery. Generic robbery as commonly understood is "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *United States v. Molinar* 881 F.3d 1064, 1071 (9th Cir. 2017) (internal quotation marks and citation omitted). In order "for a state crime to be equivalent to generic robbery, it must require property to be taken from a person or a person's presence by means of force or putting in fear." *Id.* at 1072 (citing *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez,* 711 F.3d 541 (5th Cir. 2013) (en banc)).

Petitioner was charged in a Felony Information with Aggravated Robbery – Deadly Weapon and pled guilty to "the lesser included offense of Count One." (Doc. 30-2, Ex. 4.) The language of that Count tracks the Texas offense for Aggravated Robbery.[5] In Texas, an Aggravated Robbery is committed when "a person . . . commits robbery as defined in Section 29.02, and he . . . uses or exhibits a deadly weapon." Texas Penal Code § 29.03. Texas Penal Code § 29.02(a)(2), defines the offense Robbery as follows:

(a) A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:

    (1) intentionally, knowingly, or recklessly causes bodily injury to another, or

    (2) intentionally or knowingly threatens or places another in fear of

---

[5]Count One alleged Petitioner "intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, [did] threaten and place Sandy Jardelins in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon of to wit: firearm." (Doc. 30-2, Ex. 4 at 39.)

- 8 -

imminent bodily injury or death.

Texas Penal Code § 29.02(a)(2). The "lesser included offense of Count One" is robbery. (Doc. 30-2, Ex. 4 at 34.)

Under Texas law, robbery occurs when, "in the course of committing theft ... and with intent to obtain or maintain control of the property, [a person]: … (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."[6] *United States v. Davis*, 487 F.3d 282, 286 (5th Cir. 2007); *Nelson v. State*, 848 S.W.2d 126, 131 (Tex. Crim. App. 1992). The defining feature of a conviction under the Texas statute is the actual or threatened assaultive conduct. *Davis*, 487 F.3d at 286. To commit robbery, an individual must interact with the victim in order to cause bodily injury or place the victim in fear of it. *Davis*, 487 F.3d at 286; *see Nelson,* 848 S.W.2d at 131. Petitioner's robbery conviction under Tex. Penal Code § 29.02(a)(2) categorically qualifies as an enumerated predicate offense under section 3559(c)(2)(F)(i). *See Santiesteban-Hernandez*, 469 F.3d at 380-81 (holding that Texas robbery qualifies as a crime of violence for purposes of applying U.S.S.G § 2L1.2 enhancement because the statute substantially corresponds to the basic elements of the generic offense of robbery in that they both involve theft and threat of immediate danger to a person); *United States v. Nunez-Medrano*, No. 17-206445, 2018 WL 5095809 at *4 (5th Cir. Oct. 17, 2018) (unpublished) ("reaffirm[ing] that Texas robbery is no broader than generic robbery" and thus qualifies as a serious violent felony for purposes of applying U.S.S.G § 2L1.2).

In sum, assuming the section 2255(e) escape hatch is available for a sentencing enhancement, Petitioner cannot demonstrate that he is actually innocent of his sentence. Petitioner's consolidated federal robbery felony conviction from the Western District of Oklahoma and his Texas robbery conviction each constitute a serious violent felony for the purposes of 18 U.S.C. § 3559(c). Thus, the sentencing enhancement under 18 U.S.C. § 3559(c) was properly applied.

---

[6] The Texas Robbery statute also includes the mens rea of "recklessly" placing another in fear of imminent bodily injury or death. Texas Penal Code § 29.02(a)(1). Petitioner, however, was not charged with robbery under this section.

**B. The Court Lacks Jurisdiction to Consider the Petition**

Because Petitioner does not qualify for the escape hatch, this Court lacks jurisdiction to consider his Petition. See *Ivy*, 328 F.3d at 1061

THEREFORE, IT IS ORDERED that the Report and Recommendation (Doc. 31) is ACCEPTED and ADOPTED as modified by this Order. Petitioner's Objection (Doc. 32) is OVERRULED.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DIMISSSED for lack of jurisdiction.

IT IS FURTHER ORDERED that Petitioner's Motion for Declaratory Judgment is DENIED. (Doc. 27.)

IT IS FURTHER ORDERED that Petitioner's Request for Clarification (Doc. 26) and Motions to Expedite (Docs. 34, 41) are DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to add Respondent (Doc. 35) is DENIED as moot.

Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court shall enter judgment accordingly and close its file in this case.

Dated this 25th day of January, 2019.

*[signature]*
Honorable Jennifer G. Zipps
United States District Judge